1
2
3                   **UNITED STATES DISTRICT COURT**
4                   **EASTERN DISTRICT OF CALIFORNIA**
5

6   **ESTANISLOA PULIDO,**                  **CASE NO.  1:04-CR-5327 AWI**
7                   **Petitioner,**                          **(1:13-CV-1022 AWI)**
8               **v.**                             **ORDER ON PETITIONER'S MOTION**
                                              **TO VACATE**
9   **UNITED STATES OF AMERICA,**
10                  **Respondent.**                 (Crim. Doc. No. 695)
11
12

13          Petitioner Estanisloa Pulido challenges his conviction through this petition to set aside or

14   vacate under 28 U.S.C. § 2255.

15      _Background_

16          On March 7, 2007, Petitioner signed a plea agreement (the "Plea Agreement") in which he

17   agreed to plead guilty to violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, for conspiracy

18   to manufacture marijuana, possess marijuana with intent to distribute, possess cocaine with intent

19   to distribute, and distribute methamphetamine.  See Crim. Doc. No. 461.  As part of the Plea

20   Agreement, Petitioner agreed to waive his right to appeal and to file a § 2255 petition, and the

21   government agreed to not seek a leadership enhancement, to recommend a three level departure

22   for acceptance of responsibility (provided that Petitioner qualified after an interview with

23   probation), and to recommend a sentence at the low end of the sentencing guideline range.  See id.

24   The Plea Agreement stated that Petitioner was facing a mandatory minimum of 10 years

25   imprisonment and 5 years of supervised release, and a maximum sentence of life imprisonment

26   and life supervised release.  See id.

27          On March 8, 2007, a hearing was held in which Petitioner pled guilty in accordance with

28   the Plea Agreement.  See id. at 462.  The Court accepted Petitioner's guilty plea and adjudged him

1  guilty of the crime alleged in the superseding indictment.  See id.  As part of the change of plea

2  hearing, the Court informed Petitioner that the minimum sentence for his crimes was 10 years

3  imprisonment and 5 years supervised release, and the maximum sentence was life imprisonment

4  and life supervised release.  See Doc. No. 678 at 7.

5        On July 13, 2012, an addendum ("the Addendum") was added to the Plea Agreement.  See

6  Doc. No. 684.  The Addendum acknowledged that immigration consequences may arise as a result

7  of the guilty plea, that Petitioner wished to plead guilty despite any immigration consequences,

8  and that Petitioner's continued plea of guilty was voluntary.  See id.

9        On July 16, 2012, a sentencing hearing was held.  See id. at 685.  As a result of that

10  hearing, Petitioner was sentenced to 10 years confinement and 5 years of supervised release.  See

11  id.  Judgment and commitment were entered on July 17, 2012.  See id.

12        On July 2, 2013, Petitioner filed this motion to vacate.  See id. at 695.  Petitioner raises two

13  claims – involuntary plea and ineffective assistance of counsel.  See id.

14

15                                    **§ 2255 FRAMEWORK**

16        28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a

17  court established by Act of Congress claiming the right to be released upon the ground that the

18  sentence was imposed in violation of the Constitution or laws of the United States ... may move

19  the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255,

20  "a district court must grant a hearing to determine the validity of a petition brought under that

21  section, '[u]nless the motions and the files and records of the case conclusively show that the

22  prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994)

23  (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed

24  against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous

25  as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th

26  Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989).  Mere conclusory

27  statements or statements that are inherently incredible in a § 2255 motion are insufficient to

28  require a hearing.  United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States

2

1    v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  While a petitioner is not required to allege facts in

2    detail, he "must make factual allegations."  Hearst, 638 F.2d at 1194.  Accordingly, an evidentiary

3    hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to

4    relief; and (2) the petition, files, and record of the case cannot conclusively show that the

5    petitioner is entitled to no relief.  Howard, 381 F.3d at 877.

6

7                                   **PETITIONER'S PETITION**

8           *Petitioner's Allegations*

9           Under Ground 1, Petitioner states that he was misled by his attorney, the U.S. Attorney,

10   and this Court that his sentence required a mandatory 5-year term of supervised release, and that

11   he was risking a life term of supervised release.  The Addendum incorporated the advice, terms,

12   and conditions of the Plea Agreement.  The Plea Agreement specified that the crime at issue

13   carried a mandatory minimum term of supervised release of 5 years and a maximum of life

14   supervised release.  At the March 2007 plea hearing, the Court stated the same thing.  However,

15   Amendment 756 of the Sentencing Guidelines (which was effective November 1, 2011), did not

16   authorize such a sentence.  "Had I known that I did not in fact risk a life-term supervised release or

17   a 5-year mandatory minimum supervised release term, I would not have pled guilty as I did."

18   Crim. Doc. No. 695.

19          Under Ground 2, Petitioner argues that his attorney was ineffective for not advising him

20   that he did not have to agree to a sentence with a mandatory minimum of 5 years supervised

21   release to a maximum of a life term of supervised release.  Petitioner states that at no time before

22   or at the time he signed the Addendum did his attorney explain to him that he did not have to

23   accept such a plea and terms, because such a sentence no longer applied pursuant to Amendment

24   756.  "Had I known I did not have to submit myself to such a sentence, I would not have pled

25   guilty as I did."  Id.

26          *Legal Standard*

27          To establish ineffective assistance of counsel, a § 2255 petitioner must show:  (1) counsel's

28   representation fell below an objective standard of reasonableness; and (2) there is a reasonable

                                                    3

probability that the deficient performance prejudiced the petitioner.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir. 2005).  Courts must indulge in a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance, and that counsel exercised acceptable professional judgment in all significant decisions made.  See Strickland, 466 U.S. at 689; United States v. Fredman, 390 F.3d 1153, 1156 (9th Cir. 2004); Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990).  To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Fredman, 390 F.3d at 1156.  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694; United States v. Leonti, 326 F.3d 1111, 1120 (9th Cir. 2003).

Despite a waiver of the right to appeal or file a collateral attack, claims of ineffective assistance of counsel that challenge the voluntariness of a plea may still be brought in a collateral proceeding.  See United States v. Brizan, 709 F.3d 864, 867 (9th Cir. 2013); Washington v. Lambert, 422 F.3d 864, 871 (9th Cir. 2005); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996).  A "defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases."  United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2004); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988).  That is, the counsel's advice must be "so incorrect and so insufficient that it undermined [the defendant's] ability to make an intelligent decision about whether to accept the peal offer."  Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002).  For example, guilty pleas that are induced by misrepresentations, or by a "gross mischaracterization of the likely outcome" of the case, may be sufficient bases to show deficient performance.  Jeronimo, 398 F.3d at 1155.  To demonstrate prejudice, the defendant must show that his counsel's defective performance "affected the outcome of the plea process . . . [such] that absent the erroneous advice, he would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 58 (1985); United States v. Alvarez-Tautimez, 160 F.3d 573, 577 (9th Cir. 1998); Baramdyka, 95 F.3d at 844.

1    *Discussion*

2        Petitioner has not demonstrated deficient performance.  Contrary to Petitioner's argument,

3    he has not shown that Sentencing Guideline Amendment 756 has any application to this case.

4    Amendment 756, which became effective on November 1, 2011, amended Guideline § 5D1.1 by

5    adding a provision stating, "a court ordinarily should not impose a term of supervised release in a

6    case *in which supervised release is not required by statute* and the defendant is a deportable alien

7    who likely will be deported after imprisonment." U.S.S.G. App. C., Vol. 1, amend. 756 (2011)

8    (emphasis added); United States v. Huerta, 503 Fed. Appx. 589, 594 (10th Cir. 2012).  Petitioner

9    was convicted under 21 U.S.C. § 846 for conspiracy to possess and distribute marijuana, cocaine,

10   and methamphetamine.  Section 846 states that a conspirator is "subject to the same penalties as

11   those prescribed for the offense . . . ."  21 U.S.C. § 846; see also United States v. Roth, 32 F.3d

12   437, 439 (9th Cir. 1994).  The predicate crime of the conspiracy in Petitioner's case was 21 U.S.C.

13   § 841(a)(1).  21 U.S.C. § 841(b)(1)(A) prescribes the punishments for violations of § 841(a)(1).

14   See 21 U.S.C. §§ 841(a), (b); Roth, 32 F.3d at 439.  In pertinent part, § 841(b)(1)(A) states that a

15   person who violates § 841(a) "shall be sentenced to a term of imprisonment which may not be less

16   than 10 years or more than life . . . any sentence under this subparagraph shall, in the absence of

17   such a prior conviction, impose a term of supervised release of at least 5 years in addition to such

18   term of imprisonment . . . ."  21 U.S.C. § 841(b)(1)(A).  Thus, § 841(b)(1)(A) requires a minimum

19   term of 5 years supervised release.  See id.; United States v. Campana-Barraza, 503 Fed. Appx.

20   511, 512 (9th Cir. 2012); Roth, 32 F.3d at 439-40.  Because § 841(b)(1)(A) sets the punishment

21   for Petitioner's crime, and that section required a term of supervised release, Amendment 756 by

22   its own terms does not apply to petitioner.  U.S.S.G. App. C., Vol. 1, amend. 756 (2011).  Counsel

23   was not ineffective for failing to raise or discuss Amendment 756 with Petitioner or the Court.

24        Petitioner also has not demonstrated prejudice.  Petitioner states that if he had known that

25   he was not subject to supervised release for a term of between 5 years and life, he would not have

26   pled guilty.  See Doc. No. 695.  However, § 841(b)(1)(A), Petitioner was in fact subject to that

27   term of supervised release.  Amendment 756 was not in existence in March 2007, and had no

28   application to Petitioner in July 2012.  Further, Petitioner's sentencing memorandum states that if

a four level leadership enhancement applied (as recommended in the presentence report), then the low range of his sentence would be 168 months.  See Doc. No. 683.  If the leadership enhancement did not apply, then the range would start at 108 months, but because of the 10 year minimum, Petitioner would be subject to a 120 month sentence.  See id.  The sentencing memo explains that a basis to withdraw the Plea Agreement had arisen, but in exchange for Petitioner signing the Addendum and proceeding with sentencing, the government agreed to follow the Plea Agreement and forgive Petitioner's failures to appear in Court.[1]  See id.  The Addendum shows that the basis for withdrawing the plea concerned immigration consequences, and thus was based on *Padilla v. Kentucky*, 559 U.S. 356 (2010).  By agreeing to the Addendum, Petitioner avoided the presentence report's four level leadership enhancement and thus, shaved off 48 months of confinement that could have been imposed.  That is a clear benefit to Petitioner.  Finally, the plea bargain gave Petitioner the benefit of a possible three level reduction for acceptance of responsibility, the absence of a leadership enhancement, and a recommendation for the low end of the sentencing guideline range.  Petitioner was satisfied with plea bargain for over five years, including for over four years when Amendment 756 was not in effect.  See Doc. No. 461.

In sum, Petitioner has not alleged specific facts that meet either prong of the *Strickland* test for ineffective assistance of counsel.  Petitioner is not entitled to relief, and his petition will be denied.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's 28 U.S.C. § 2255 petition is DENIED, and the Clerk shall CLOSE this matter.

IT IS SO ORDERED.

Dated:   April 23, 2014

_____
SENIOR  DISTRICT  JUDGE

---

[1] An arrest warrant had to be issued in order to procure Petitioner's presence for sentencing.  See Crim. Doc. No. 584.