**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | 1:04-cr-5327-AWI - 1 |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)** |
| v. | |
| **ESTANISLOA PULIDO**, | |
| Defendant. | (Doc. 706) |

On July 2, 2013, Defendant moved to vacate his conviction, alleging that trial counsel, the United States Attorney, and this Court all misled him into believing that he did not face a 5 year mandatory minimum term of supervised release up to a potential life term of supervised release. On April 23, 2014, this Court denied Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, finding that the record did not support Defendant's claims. Defendant now purports to attack the validity of the Court's denial of his § 2255 motion through a motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6).

Defendant contends that the Court failed to properly interpret Defendant's ineffective assistance of counsel claim. Doc. 706 at 5. Specifically, he argues that the Court failed to consider his argument that defense counsel failed to advise him regarding the plea agreement. Defendant is mistaken. The Court addressed Defendant's claim exactly as it was presented. Defendant's ineffective assistance of counsel claim read, in whole:

///

> My lawyer was ineffective for not advising me that I did not have to agree to a sentence with a mandatory minimum of 5-years of supervised releases to a maximum of life. At no time before or at the time I signed my Addendum to Memorandum of Plea Agreement (Exhibit "A") did my lawyer explain to me that I did not have to accept such a plea and terms because such a sentence no longer applied pursuant to Amendment 756. Had I known I did not have to submit myself to such a sentence, I would not have pled guilty as I did.

Doc. 695 at 5 (upper casing removed). The Court explained that Amendment 756 does not apply to Petitioner. Doc. 697 at 5 (citing U.S.S.G. App. C., Vol. 1, amend. 756 (2011)). As a result, the Court explained, Counsel was not ineffective for not advising Petitioner not to accept this agreement because of the mandatory five year minimum term of supervised release. *Id*.

To the extent that Defendant intended to allege a claim that counsel failed to provide any advice at the plea bargaining phase – a claim broader than he actually alleged – that claim also would have failed.[1] First, Defendant did not provide anything more than the conclusory allegation that counsel failed to inform him of some unarticulated consequence. There is no indication that counsel failed to make the Defendant aware of the consequences of his plea.[2] Moreover, as the Court described, Defendant faced (1) a four-level leadership enhancement that would have resulted in a sentence of 168 months and (2) an additional charge for failure to

---

[1] At this point, Defendant's expanded claim should be interpreted as a successive petition pursuant to § 2255. "Habeas corpus petitions cannot utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir.2013) (internal quotation marks omitted). Motions properly brought under Rule 60(b) generally attack the integrity of the federal habeas proceedings, whereas motions that present "claims ... constitut[ing], in effect, new requests for relief on the merits" are viewed as disguised second or successive habeas corpus petitions. *Id*. at 834; *see also Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."). In order to file a successive § 2255 motion, Defendant would have to seek permission from the Ninth Circuit under 28 U.S.C. § 2244(b)(3)(A). *See* 28 U.S.C. § 2255(h)(1-2).

[2] THE COURT: Have you fully discussed the plea agreement and its consequences with your attorney?
THE DEFENDANT: Yes.
THE COURT: Do you understand everything in the plea agreement?
THE DEFENDANT: Yes.
…
THE COURT: Oh, I'm sorry. Okay. Have there been any other promises other than what's in the plea agreement, any other promises, any other assurances that anyone's made to you in an effort to cause you to plead guilty in this case?
THE DEFENDANT: Oh, 10-year recommendation, that's what's being recommended.

Doc. 678 at 5-6.

appear. Both of those consequences were avoided by the plea agreement. Defendant has demonstrated no prejudice.

Based on the foregoing, Defendant's motion to set aside judgment pursuant to Fed. R. Civ. P. 60(b) is DENIED.

IT IS SO ORDERED.

Dated: __December 23, 2015__    _____
                                            SENIOR DISTRICT JUDGE